**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PRO-TOW, INC.,**

**Plaintiff,**

**v.**

**SOUTHLAKE SPECIALTY INSURANCE COMPANY,**

**Defendant.**

**Case Number 2:25-cv-1179**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

**OPINION AND ORDER**

This matter is before the Court on Defendant Southlake Specialty Insurance Company's Motion to Defer or Deny Ruling on Plaintiff's February 16, 2026 Motion for Summary Judgment and Allow Discovery (ECF No. 14) and Plaintiff Pro-Tow, Inc.'s Motion to Stay Discovery Pending Ruling on Plaintiff's Motion for Summary Judgment (ECF No. 13). For the reasons explained in this Opinion and Order, the Court **DENIES** Southlake's Motion (ECF No. 14) and **GRANTS** Pro-Tow's Motion (ECF No. 13).

**BACKGROUND**

This case stems from an interstate accident involving a commercial motor vehicle. (*See* ECF No. 1.) Pro-Tow alleges that it provided towing and recovery services to Southlake's insured, Trident Logistics, and filed lawsuits against Trident and Southlake seeking payment. (*Id.*) The Court summarizes the factual background of this case based on the allegations in the Complaint (ECF No. 1) and Answer and Counterclaim (ECF No. 4).

**I. Factual Background**

Pro-Tow provides towing and recovery services. (Compl., ECF No. 1, ¶ 1; Answer, ECF No. 4, ¶ 1.) According to Pro-Tow, on March 12, 2024, it received a request from law

enforcement to immediately respond to a commercial vehicle accident on I-71 southbound in Franklin County, Ohio. (Compl., ¶ 5.) The commercial vehicle involved in the accident was Southlake's insured, Trident Logistics. (*Id.* ¶¶ 6–7; Answer, ¶ 7.) Pro-Tow alleges that it responded to the accident and performed towing and recovery services, including remediating various pollutants that were discharged as a result of the accident. (Compl., ¶ 8; *see also* Answer ¶ 8 (admitting that Pro-Tow provided "towing and storage services" but denying any remaining allegations).) It then issued an invoice to Trident, but Trident did not pay. (Compl., ¶ 9; Answer, ¶ 9.)

Pro-Tow sued Trident in the Franklin County Court of Common Pleas seeking payment of the invoice. (Compl., ¶ 10; Answer, ¶ 10.) Trident did not file an answer or otherwise defend the action. (Compl., ¶ 11; Answer, ¶¶ 11–12.) Southlake was notified of the lawsuit but took no action, asserting that it had no duty to defend Trident. (Compl., ¶ 11; Answer, ¶¶ 11–12.) The state court entered an "Entry of Default Judgment" against Trident in the amount of $97,163. (Compl., ¶ 12; Answer, ¶¶ 11–12.) The Entry of Default Judgment also included a declaratory judgment that the accident resulted from Trident Logistics' negligence and that the judgment amount "reflects sums due and owing to Plaintiff Pro-Tow, Inc. for 'public liability,' as that term is used in the Endorsement for Motor Carrier Policies of Insurance for Public Liability under Section 29 and 30 of the Motor Carrier Act of 1980, otherwise known as the MCS-90 Endorsement." (ECF No. 1-1, PageID 7–8.)

For context, the Motor Carrier Act of 1980, 49 U.S.C. § 10101, *et seq.*, and federal regulations require an interstate trucking company to obtain an endorsement to its auto liability policy called a Form MCS-90. *See Canal Ins. Co. v. Coleman*, 625 F.3d 244, 247 (5th Cir. 2010); *Kline v. Gulf Ins. Co.*, 98 F. App'x 471, 474 (6th Cir. 2004); 49 U.S.C. § 13906(a)(1);

49 C.F.R. § 387.7(a). "The endorsement creates a suretyship, which obligates an insurer to pay certain judgments against the insured arising from interstate commerce activities, even though the insurance contract would have otherwise excluded coverage." *Canal Ins. Co.*, 625 F.3d at 247; *see also Kline v. Gulf Ins. Co.*, No. 1:01-cv-213, 2005 U.S. Dist. LEXIS 30809, at *10 (W.D. Mich. Sep. 12, 2005), *aff'd*, 466 F.3d 450 (6th Cir. 2006). Its purpose is to "assure that injured members of the public are able to obtain judgment from negligent authorized interstate carriers." *John Deere Ins. Co. v. Nueva*, 229 F.3d 853, 857 (9th Cir. 2000); *see also Kline*, 466 F.3d at 455.

The Form MCS-90 in this case provides that Southlake "agrees to pay within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 . . . ." (ECF No. 4-2, PageID 53.) It defines "public liability" as "liability for bodily injury, property damage, and environmental restoration." (*Id.*) Southlake disputes that Pro-Tow's services constitute "public liability" within the MCS-90 endorsement. (Counterclaim, ECF No. 4, ¶ 21.) It contends that it has no obligation to pay the state-court judgment. (*Id.* ¶ 23.)

## II. Procedural Background

Pro-Tow filed the instant lawsuit against Southlake seeking payment of the state-court judgment in accordance with the MCS-90 endorsement. (ECF No. 1.) Southlake filed an Answer and Counterclaim for declaratory judgment. (ECF No. 4.)

Before the parties engaged in discovery, Pro-Tow filed a Motion for Summary Judgment. (ECF No. 10.) Southlake filed a Motion to Defer or Deny Ruling on Plaintiff's February 16, 2026 Motion for Summary Judgment and Allow Discovery under Federal Rule of Civil

Procedure 56(d) ("Rule 56(d) Motion"). (ECF No. 14.) Pro-Tow filed a response in opposition (ECF No. 15), and Southlake filed a reply in support (ECF No. 18).

Pro-Tow also filed a Motion to Stay Discovery Pending Ruling on Plaintiff's Motion for Summary Judgment. (ECF No. 13.) Southlake filed a response in opposition (ECF No. 16), and Pro-Tow filed a reply in support (ECF No. 17).

## ANALYSIS

Pro-Tow moves for summary judgment to "enforce [Southlake's] obligations under the MCS-90 Endorsement." (ECF No. 10, PageID 69.) It asserts that its Motion is based entirely on a legal question, not facts. (ECF No. 15, PageID 187.) Southlake filed its Rule 56(d) Motion asking the Court to defer or deny any ruling on Pro-Tow's Motion for Summary Judgment and allow Southlake to obtain written discovery. (ECF No. 14, PageID 134.) Southlake expects that written discovery will justify its opposition to the Motion for Summary Judgment. (*Id.* PageID 136.) Pro-Tow filed a Motion to Stay Discovery emphasizing that its summary judgment motion presents a threshold legal question that could terminate the action. (ECF No. 13, PageID 130.) This Opinion and Order resolves Southlake's Rule 56(d) Motion (ECF No. 14) and Pro-Tow's Motion to Stay Discovery (ECF No. 13) before briefly discussing Pro-Tow's Motion for Summary Judgment (ECF No. 10).

### I. Motion to Defer or Deny Ruling on Plaintiff's February 16, 2026 Motion for Summary Judgment and Allow Discovery (ECF No. 14) and Motion to Stay Discovery (ECF No. 13)

Federal Rule of Civil Procedure 56(d) provides that on a summary judgment motion, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The affidavit or declaration must "indicate to the district court [the party's]

need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004)).

"[N]otwithstanding the strong presumption in favor of permitting discovery before ruling on a motion for summary judgment, a district court does not abuse its discretion by denying a Rule 56(d) motion that is supported by mere 'general and conclusory statements' or that fails to include 'any details or specificity.'" *First Floor Living LLC v. City of Cleveland*, 83 F.4th 445, 453 (6th Cir. 2023) (quoting *Zakora v. Chrisman*, 44 F.4th 452, 479 (6th Cir. 2022)). Similarly, it is not an abuse of discretion to deny a Rule 56(d) motion when the discovery sought "would be irrelevant to the underlying issue to be decided." *Doe v. City of Memphis*, 928 F.3d at 490 (quoting *In re Bayer Healthcare & Merial Ltd. Flea Control Prods. Mktg. & Sales Pracs. Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014)).

When a party complies with Rule 56(d)'s procedural requirements, the Sixth Circuit provides five factors, known as the *Plott* factors, to consider when deciding whether to permit the requested discovery:

> (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period had lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests.

*Charter Oak Fire Ins. Co. v. Caterpillar Inc.*, No. 2:24-cv-4176, 2025 WL 1068821, at *2–3 (S.D. Ohio Apr. 9, 2025) (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995)) (citation modified).

Southlake asserts that discovery will justify its opposition to the summary judgment motion and specifically show that:

- Southlake had no duty or obligation to answer the Underlying Complaint or otherwise defend the Underlying Lawsuit;

- [T]he $97,163.00 awarded in the Default Judgment are for services, not for damages;

- [N]either the Liability Coverage nor the Form MCS-90 in the Policy applies to the Underlying Lawsuit which sought only payment for services and issuance of a declaratory judgment;

- [T]he declaratory judgment issued in the Default Judgment is not a declaratory judgment which affects Southlake or this Court in the Present Lawsuit because Southlake was not a party to the Underlying Lawsuit; and

- Southlake is entitled in the Present Lawsuit to the declaratory judgment requested in Southlake's Counterclaim, a declaratory judgment that Southlake does not owe Pro-Tow payment of the Default Judgment.

(ECF No. 14, PageID 147–48 (internal citation omitted).) Southlake attaches an affidavit stating the same and provides its proposed written discovery—requests for admission, interrogatories, and requests for production. (ECF Nos. 14-1, 14-2.).

The purpose of a Rule 56(d) motion is to establish that a summary judgment nonmovant "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Thus, the party must show "what specific facts it hopes to discover that will raise an issue of material fact." *Redhawk Glob., LLC v. World Projects Int'l*, No. 2:11-cv-666, 2012 WL 2018528, at *3 (S.D. Ohio June 5, 2012); *see also Doe v. City of Memphis*, 928 F.3d at 490 (explaining that the supporting affidavit must state what material facts the party hopes to uncover). Accordingly, a Rule 56(d) motion must do more than assert that discovery is needed; it must identify the facts it hopes to uncover that would support its opposition to summary judgment.

Southlake does not identify any such facts in its Rule 56(d) Motion and accompanying affidavit. The issue on summary judgment is a legal one—whether Southlake is obligated to satisfy the state-court judgment against its insured pursuant to the MCS-90 endorsement. (*See*

ECF No. 10.) Southlake's arguments in opposition, as previewed in its Rule 56(d) Motion, likewise focus on legal issues that can be briefed and decided without discovery. (*See* ECF No. 14, PageID 147–48.) Southlake asserts that discovery will justify its arguments but identifies no specific facts it hopes to discover that would support those arguments or create an issue of material fact, as required by Rule 56(d). In addition, the Court does not see how the discovery Southlake seeks is relevant to the legal question presented on summary judgment.

Southlake has not satisfied the requirements of Rule 56(d), so the Court need not analyze the *Plott* factors. *See Charter Oak Fire Ins. Co.*, 2025 WL 1068821, at *3. Southlake's Rule 56(d) Motion is **DENIED**. (ECF No. 14.)

The Court now turns to Pro-Tow's Motion to Stay Discovery. (ECF No. 13.) The Sixth Circuit has recognized that "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). As explained above, Pro-Tow's summary judgment motion presents a question of law that does not require discovery. If granted, the summary judgment motion would dispose of the case. Thus, a stay of discovery is appropriate. Pro-Tow's Motion to Stay Discovery Pending Ruling on Plaintiff's Motion for Summary Judgment is **GRANTED**. (ECF No. 13.)

## II. Motion for Summary Judgment (ECF No. 10)

In its Motion for Summary Judgment, Pro-Tow moves to "enforce [Southlake's] obligations under the MCS-90 Endorsement." (ECF No. 10, PageID 69.) Because Southlake filed its Rule 56(d) Motion, it did not file a response in opposition to the summary judgment motion. (*See* ECF No. 14.) Southlake states its arguments in opposition to summary judgment in its Rule 56(d) Motion but does not expound on them. (*See id.*) Southlake should have an opportunity to fully present its arguments in opposition before the Court considers summary judgment. Accordingly, the Court sets a briefing schedule below and **HOLDS IN ABEYANCE** Pro-Tow's Motion for Summary Judgment. (ECF No. 10.)

## CONCLUSION

For the reasons above, the Court **DENIES** (ECF No. 14) Defendant Southlake Specialty Insurance Company's Motion to Defer or Deny Ruling on Plaintiff's February 16, 2026 Motion for Summary Judgment and Allow Discovery and **GRANTS** (ECF No. 13) Plaintiff Pro-Tow, Inc.'s Motion to Stay Discovery Pending Ruling on Plaintiff's Motion for Summary Judgment. Discovery is **STAYED** pending the resolution of Pro-Tow's Motion for Summary Judgment (ECF No. 10).

The Court **HOLDS IN ABEYANCE** (ECF No. 10) Plaintiff Pro-Tow, Inc.'s Motion for Summary Judgment. Defendant Southlake Specialty Insurance Company is **ORDERED** to file a response in opposition to the Motion **within 21 days** of the date of this Opinion and Order and Plaintiff Pro-Tow, Inc.'s reply, if any, is due **within 14 days** of Southlake's response. The Clerk is **DIRECTED** to take down the gavel on (ECF No. 10) Plaintiff Pro-Tow, Inc.'s Motion for Summary Judgment.

This case remains open.

**IT IS SO ORDERED.**

**9/16/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**